**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SANTIAGO FERNANDO ALMAGRO-
VALDEZ,

    Defendant - Appellant.

No. 25-2139
(D.C. No. 2:25-CR-02418-MIS-1)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.

_____

Santiago Fernando Almagro-Valdez ("Almagro") entered the United States illegally after being deported in violation of 8 U.S.C. § 1326(a) and (b). Almagro pleaded guilty without a plea agreement and was sentenced to thirty-two months' imprisonment. He then appealed.

Almagro's counsel has moved to withdraw from this case under *Anders v. California*, 386 U.S. 738 (1967), asserting there are no nonfrivolous grounds for appeal. Upon careful review of the record, we agree. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Almagro was deported from the United States on December 3, 2024, after being convicted of criminal sexual contact. Almagro then illegally reentered the United States and was discovered and arrested by U.S. Border Patrol agents on April 25, 2025. Almagro was charged with illegally entering the United States after being removed and pleaded guilty without a plea agreement.

According to the presentence report, Almagro's criminal history is Category III and his total offense level is ten. His guideline range was correctly calculated to be ten to sixteen months' imprisonment with one to three years of supervised release. There were no objections to the presentence report.

At the sentencing hearing, the government asked for a sentence at the high end of the guideline range, emphasizing Almagro's prior conviction for sexual contact. Almagro asked for a sentence at the low end and expressed remorse for what he had done.

The district court imposed a sentence of thirty-two months, which is an upward variance of one hundred percent, though still significantly less than the statutory maximum of twenty years. *See* 8 U.S.C. §§ 1101(43)(A); 1326 (b)(2). The district court stated that it considered arguments from defense counsel in favor of leniency, but explained that in light of the severity of the original crime of sexual contact and the fact that Almagro reentered the United States very quickly after being deported, the district court thought a higher sentence was needed to deter future criminal conduct and protect the public from further crimes.

Almagro appealed.  The attorney who represented Almagro at the district court submitted a motion to withdraw on the grounds that she was a trial lawyer who did not have the appellate experience or expertise necessary to represent Almagro in an appeal. This motion was granted, and a new attorney was appointed to represent Almagro.

Almagro's new attorney subsequently filed a brief pursuant to *Anders* where he stated that there were no nonfrivolous issues on appeal and requested leave to withdraw. Because Almagro does not speak English, we directed the attorney to file an official motion to withdraw in accordance with 10th Cir. R. 46.4(B)(1) which requires counsel for a non-English speaker to provide written notice of a motion to withdraw in a language understood by the defendant or certify that counsel has made reasonable efforts to contact the defendant and verbally inform him about the *Anders* brief and its implications. Almagro's attorney did so.

Almagro was given thirty days to respond to this motion.  His only response was a letter stating that he felt that "the counsel appointed to represent [his] case had abandoned [him] from the start."  Dkt. No. 32.

## II.

Under the rule in *Anders*, appointed counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).  "[C]ounsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," after which the client may submit his own arguments for our consideration.  *Id.*  We then review the

record de novo to determine whether the appeal would be frivolous. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016). If we conclude that the appeal is without merit, we may grant counsel's request to withdraw and dismiss the appeal. *Calderon*, 428 F.3d at 930.

The *Anders* brief argues that there is no nonfrivolous challenge to Almagro's sentence. The *Anders* brief emphasizes that the court correctly calculated the sentence and sufficiently explained its reasons for choosing to impose an above guideline sentence. The *Anders* brief further noted that the factual basis for the sentence was uncontested and the sentence is below the statutory maximum.

After examining the record de novo, we also find no nonfrivolous basis for this appeal.

"When we review a sentence for reasonableness, our review includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Carter*, 941 F.3d 954, 958 (10th Cir. 2019) (quotation omitted). Because Almagro did not object to this sentence at the district court, we review any procedural challenge for plain error. *See id*.

Almagro cannot point to any procedural error the district court made here, much less error that is plain. The district court clearly detailed its consideration of the § 3553(a) factors and explained why it believed an upward variance was warranted. In doing so, the district court adequately performed its duties under 18 U.S.C. § 3553, including its duty to consider the factors listed in § 3553(a) and its duty to explain its

reasons for imposing an above guideline sentence as required by § 3553(c)(2). Almagro

therefore cannot make a nonfrivolous argument that there was procedural error.

We now turn to Almagro's challenge to the substantive reasonableness of his

sentence. "We consider the substantive reasonableness of the length of a sentence under

an abuse-of-discretion standard." *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1265

(10th Cir. 2018) (quotation marks omitted) (quoting *United States v. Steele*, 603 F.3d

803, 809 (10th Cir. 2010)). "A district court abuses its discretion when it renders a

judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id*. When

reviewing a sentence for abuse of discretion, we must "take into account the totality of

the circumstances, including the extent of any variance from the Guidelines range." *Gall

v. United States*, 552 U.S. 38, 51 (2007).

Under the totality of the circumstances, we do not find that Almagro's sentence

was substantively unreasonable. While the sentence is above the guidelines range, the

district court clearly explained why it thought a lower sentence would have been

insufficient to fulfill the purposes of sentencing, focusing on the need to deter further

criminal conduct and protect the public from future crimes committed by Almagro. The

Supreme Court has made it clear that sentences outside of the guideline range are not

presumptively unreasonable, *Gall*, 552 U.S. at 47, and this reasoned decision was not

arbitrary, capricious, whimsical, or manifestly unreasonable. Almagro therefore cannot

make a nonfrivolous argument that his sentence was substantively unreasonable.

5

**III.**

Based on the issues raised in the *Anders* brief and our review of the record, Almagro lacks any nonfrivolous grounds for reversal. We therefore GRANT counsel's request to withdraw, and we DISMISS the appeal.

Entered for the Court

Allison H. Eid
Circuit Judge